# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSE MANUEL VILLALOBOS MEDINA,<br><br>　　　　　　　　Defendant. | CR-20-41-GF-BMM-1<br><br>**ORDER** |

## INTRODUCTION

Defendant Jose Manuel Villalobos Medina ("Medina") filed a motion to reduce his sentence on May 20, 2024. (Doc. 165.) Medina's current release data is May 3, 2028. Medina has approximately 60 months left of his 84-month sentence. The U.S. Probation Office completed its review of Medina's sentence reduction eligibility on July 10, 2024. (Doc. 166; 174.) This Court denied Medina's motion to reduce his sentence on July 18, 2024. (Doc. 171.) Medina filed a motion for reconsideration of the order denying his motion to reduce his sentence pursuant to U.S.S.C. Amendment 821. (Doc. 172.) The government opposes Medina's motion. (Doc. 173.)

## FACTUAL BACKGROUND

Medina was sentenced to 84 months to run concurrently on two counts of the superseding indictment: one count of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) and one count of Failure to Appear, in violation of 18 U.S.C. §§ 3146(a)(1) and 3146(b)(A)(i). U.S. (Doc. 121.) Probation determined that Medina proves eligible for a criminal history reduction based on the retroactive application of U.S. Sentencing Commission, Parts A and B, Subpart 1 of Amendment 821 ("821"). U.S. Probation determined that Medina qualified for an additional reduction of his total offense level by two because Medina's conviction did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1. Medina's total criminal history was zero establishing a criminal history category of I. (Doc. 162, ¶ 50.) Without the additional reduction Medina's total offense level was calculated at 31. (*Id*. ¶ 45.). Medina's previous guideline range was 108 to 135 months' custody. U.S. Probation calculates that Medina's new guideline range is 87 to 108 months' custody.

The Court sentenced Medina to 84 months' incarceration on Count II, and 1 day incarceration on Count III, running consecutively. (Doc. 163.) The Court sentenced Medina to a term of 3 years' supervised release to follow on both Count II and III, running concurrently. (*Id*.) The government contends that Medina's

sentence cannot be reduced because his 84-month sentence remains below his new guideline range of 87 to 108 months' custody. (Doc. 173 at 2.)

## DISCUSSION

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2)(A), as the applicable Sentencing Commission policy statement, provides that a defendant's term of imprisonment may not be reduced under 3582(c)(2) to a carceral term less than the minimum of the amended guideline range. U.S.S.G. 1B1.10. A court may apply a sentence reduction, however, where a defendant's term of custody is less than the amended guideline range because of the defendant's "substantial assistance to authorities." *Id.*

The government argues that Section 1B1.10(b)(2)(A) bars a reduction in Medina's sentence because his 84-month carceral sentence remains less than the amended guideline range of 87 to 108 months' custody. (Doc. 173 at 2). The Court agrees.

The Court is cognizant that Medina has accepted responsibility for his involvement and assisted authorities in the prosecution of his own misconduct. There are no other facts indicating that Medina provided "substantial assistance to authorities" justifying a further sentence reduction. Medina received a sentence below his adjusted guideline range, and now cannot benefit from a retroactive change to 821. The Court considered whether the exception laid out in Section 1B1.10(b)(2)(A) comports with the factors laid out in 18 U.S.C § 3553(a), including the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. With these reservations in mind, the Court declines to reduce Medina's sentence. Medina may petition the Court on a later date if he wishes the Court to reconsider his sentence.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Medina's motion to for reconsideration (Doc. 172.) is **DENIED**.

DATED this 22nd day of October 2024.

_____
Brian Morris, Chief District Judge
United States District Court